**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WILLIE WHITE,

         Plaintiff,

  - v -                Civ. No. 9:14-CV-917
                      (MAD/DJS)

DR. CARL J. KOENIGSMANN, *Chief Medical Officer, NYS DOCCS*,

         Defendant.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| WILLIE WHITE<br>Plaintiff, *Pro Se*<br>2283 7th Avenue<br>#2B<br>New York, New York 10030 | |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General of the State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224 | CHRISTOPHER J. HUMMEL, ESQ.<br>Assistant Attorney General |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Willie White brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendant Dr. Carl J. Koenigsmann, Chief Medical Officer for New York State Department of Corrections and Community Supervision ("DOCCS"), violated his constitutional rights while he was incarcerated at Mid-State Correctional Facility. Dkt. No. 2, Compl.; Dkt. No. 9, Am. Compl. On May 18, 2015, Defendant Koenigsmann filed a Motion to Dismiss,

pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief could be granted. Dkt. No. 19. Thereafter, the Court received a Letter from Plaintiff wherein he reiterated what he had included in his pleading and indicated that he would not respond further to the pending dispositive Motion. Dkt. No. 21. For the reasons that follow, the undersigned recommends **granting** Defendant's Motion and **dismissing** this matter in its entirety.

## I. STANDARD OF REVIEW

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, . . . matters to which the court may take judicial notice[,]" as well as documents incorporated by reference in the complaint. *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (citing FED. R. CIV. P. 10(c)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is

*integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d at 47). However, "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). "It must also be clear that there exists no material disputed issues of fact regarding the relevance of the document." *Id*.

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds

*-3-*

upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

With this standard in tow, I consider the plausibility of Plaintiff's Complaint.

## II. FACTS

In accordance with the above standard of review, the following facts adduced from the Amended Complaint are taken as true. *See* Dkt. No. 9.[1] In or around August 8, 2013, while incarcerated at Mid-State Correctional Facility, Plaintiff submitted sick call requests to address problems he was having with his vision. *Id*. at p. 4. He was sent to an ophthalmologist on three separate occasions, September 25, 2013, November 12, 2013, and January 14, 2014. It was determined that he had a dense cataract in his eye and he received a consultation for cataract

---

[1] When citing to the Amended Complaint and the attachments thereto, the Court will utilize the page numbers automatically assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

extraction. Dkt. No. 9-1 at pp. 1-3. He was scheduled for a follow-up appointment for February 14, 2014, but the appointment did not come to fruition. Am. Compl. at p. 4. In the meantime, his vision deteriorated. *Id*.

In March 2014, Plaintiff complained about his health care;[2] in response, he received notification that he was scheduled to see the eye doctor on May 12, 2014. Dkt. No. 9-1 at p. 4. Plaintiff received a similar response to subsequent letters sent to the Superintendent. *Id*. at pp. 5 & 6. On April 8, 2014, Megan Yaiser, Regional Health Services Administrator, wrote a letter to Plaintiff on behalf of Defendant Koenigsmann. *Id*. at p. 7. Therein, Ms. Yaiser advised that Plaintiff's complaints have been investigated and that he was scheduled for a cataract extraction. *Id*.

At some point in time, Plaintiff enlisted the help of Prisoners' Legal Services of New York to advocate on his behalf. *Id*. at p. 15. On April 24, 2014, a staff attorney from that office wrote a letter to Defendant Koenigsmann asking that Plaintiff be immediately seen by a surgeon. *Id*. at p. 8. In response, Dr. Koenigsmann wrote a letter stating that an investigation into his concerns had been completed, but without a proper medical release signed by Plaintiff, he could not share those details with Prisoner's Legal Services of New York. *Id*. at p. 18.

On May 22, 2014, Plaintiff was released from DOCCS custody after having served the maximum expiration of his sentence. *See* DOCCS Inmate Lookup Website, *available at* http://nysdoccslookup.doccs.ny.gov (DIN 97-A-0582). Prior to his release, he did not have

---

[2] In his Amended Complaint, Plaintiff states that he submitted a grievance regarding his medical care. Am. Compl. at p. 2. A copy of that grievance is not attached to his pleading.

surgery to remove the cataract from his eye.

## III. DISCUSSION

Defendant contends that this matter should be dismissed because Plaintiff does not allege his personal involvement in any wrongdoing. In this Circuit it has historically been generally accepted that culpability on the part of a supervisory official for a civil rights violation can only be established in one of several ways, including when that individual 1) has directly participated in the challenged conduct; 2) after learning of the violation, such as through a report or appeal, has failed to remedy the wrong; 3) created or allowed to continue a policy or custom under which unconstitutional practices occurred; 4) was grossly negligent in managing the subordinates who caused the unlawful event; or 5) failed to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). More recently, however, the issue of supervisory liability for civil rights violations has been addressed by the Supreme Court in *Ashcroft v. Iqbal*. In that case, the Court made it clear that a governmental official, regardless of title, is accountable only for his or her conduct in such a setting, and that as such the term "supervisory liability" is a essentially a misnomer. *See Ashcroft v. Iqbal*, 556 U.S. at 675-76.

The Second Circuit has yet to address the impact of *Iqbal* upon the categories of supervisory liability under *Colon*. *See Grullon v. City of NewHaven*, 720 F.3d 133 (2d Cir. 2013) (noting that the Court's decision in *Iqbal* "may have heightened the requirements for showing a supervisor's personal involvement," but declining to resolve the issue). Lower courts have struggled with this issue, and specifically whether *Iqbal* effectively calls into question

certain prongs of the Colon five-part test for supervisory liability. *See Sash v. United States*, 674 F. Supp.2d 531,543 (S.D.N.Y. 2009). While some courts have taken the position that only the first and third of the five Colon categories remain viable and can support a finding of supervisory liability, see, e.g., *Bellamy v. Mount Vernon Hosp.*, 2009 WL1835939, at *6 (S.D.N.Y. June 26, 2009), *aff'd*, 387 F. App'x 55 (2d Cir. 2010), others disagree and conclude that whether any of the five categories apply in any particular case depends upon the particular violations alleged and the supervisor's participatory role, see, e.g., *D'Olimpio v. Crisafi*, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010).

In the action at hand, it is clear that even taking as true all of Plaintiff's factual allegations, and putting aside for the moment the issue of whether Plaintiff's medical condition or the delay of surgery for that condition amounted to an objectively serious condition under the Eighth Amendment, Plaintiff has failed to implicate Defendant Koeningsmann in any wrongdoing. Defendant's involvement in this matter concerns two letters purportedly received by him. Though the Court does not have the benefit of reviewing the content of those letters, we take as true Plaintiff's allegation that he complained about the failure to have surgery for his cataract. In response to the first letter, Defendant Koeningsmann referred the matter to an employee, who investigated and responded on his behalf; and in response to the second letter at issue, which was sent by Legal Services on Plaintiff's behalf, Koeningsmann advised that White's medical concerns had been investigated but he could not share specifics with Legal Services without a signed medical release from Plaintiff, thus protecting Mr. White's right to privacy. Prison supervisors cannot be deemed personally involved based simply on a response

to a letter of complaint, nor can he be deemed personally involved when his response is to refer the letter to another individual. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997).[3] Accordingly, I find that Plaintiff has failed to implicate Defendant in any wrongdoing and this case should be dismissed.[4]

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 19) be **GRANTED** and this case be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS**

---

[3] The Court agrees with Defendant that the holding in *Grullon v. City of New Haven*, 720 F.3d 133 (2d Cir. 2013), is inapplicable. *See* Dkt. No. 19-1, Def.'s Mem. of Law, at pp. 4-5. In *Grullon*, it was unclear whether the warden personally read the letter and took action, thus necessitating denial of that defendant's motion to dismiss so that some discovery could take place. In the case at bar, it is clear from the correspondence attached to Plaintiff's Amended Complaint that Defendant received letters and either delegated the responsibility to a subordinate or responded directly.

[4] The Court notes that Plaintiff has already been provided an opportunity to amend his pleading so as to cure insufficiencies regarding his constitutional claims. Specifically, in a Decision and Order, dated October 27, 2014, the Honorable Mae A. D'Agostino, United States District Judge, directed Plaintiff to file an amended complaint that asserted constitutional wrongdoing against a specific individual. Dkt. No. 7 at p. 7, n.5 ("[P]laintiff must allege facts which plausibly suggest that defendants acted with deliberate indifference, were reckless in their treatment of plaintiff, or provided him with medical treatment that was 'inadequate' in a constitutional sense." (citation omitted)). Thus, the Court finds it unnecessary and futile to permit further amendments of the Plaintiff's pleading.

**WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 1, 2016
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge