# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

**WILLIE WHITE,**

                      **Plaintiff,**

    **vs.**                                            **9:14-CV-0917**

                                                          **(MAD/DJS)**

**DR. CARL J. KOENIGSMANN,** *Chief Medical Officer, NYS DOCCS*,

                      **Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**WILLIE WHITE**
2283 7th Avenue
#2B
New York, New York 10030
Plaintiff *pro se*

**HON. ERIC T. SCHNEIDERMAN**        **CHRISTOPHER J. HUMMEL, AAG**
Attorney General for the State of New York
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

    Plaintiff Willie White ("Plaintiff") commenced this civil rights action *pro se* under 42 U.S.C. § 1983 on June 18, 2014. *See* Dkt. No. 2. Liberally construed, Plaintiff alleges that Defendant Dr. Carl J. Koenigsmann ("Defendant"), Chief Medical Officer for New York State Department of Corrections and Community Supervision ("DOCCS") was deliberately indifferent to his serious medical needs, in violation the Eighth Amendment, while he was incarcerated at

Mid-State Correctional Facility.  *See* Dkt No. 2; *see also* Dkt. No. 9.[1]

On May 18, 2015, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff had failed to allege Defendant's personal involvement in the alleged unconstitutional conduct.  *See* Dkt. No. 19.  On June 8, 2015, the Court received a two-page letter from Plaintiff wherein he reiterated the arguments contained in his pleadings.  *See* Dkt. No. 21.

On February 1, 2016 United States Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order recommending that this Court grant Defendant's motion and dismiss the matter.  *See* Dkt. No. 23 at 2.  Neither party has filed an objection.

## II. BACKGROUND

On or around August 8, 2013, Plaintiff submitted sick call requests to address problems he was having with his vision.  *See* Dkt. No. 9 at 4.  He saw an ophthalmologist on three occasions that year and received consultation regarding a cataract extraction procedure.  *See* Dkt. No. 9-1 at 1-3.  He was then scheduled for a follow-up examination in February, 2014, but that appointment never occurred.  *See* Dkt. No. 9 at 4.  In the meantime, his vision continued to worsen.  *See id.*

Plaintiff complained that the procedure had not been performed to a number of DOCCS officials, including Defendant.  *See generally* Dkt. No. 9-1 at 4-8.  On March 14, 2014, Plaintiff received correspondence informing him that he was scheduled to see the eye doctor on May 12, 2014.  *See id.* at 4.  In response to Plaintiff's letter to Defendant, Megan Yaiser, Regional Health Services Administrator, writing on behalf of Defendant, informed Plaintiff that his complaints

---

[1] Plaintiff's Amended Complaint was filed on November 17, 2014 after this Court found Plaintiff's Original Complaint naming Mid-State Correctional Facility as a defendant was barred by the Eleventh Amendment.  *See* Dkt. No. 7 at 7; *see also Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (requiring leave to amend at least once in *pro se* cases where there is an indication that a valid claim might be stated).

2

have been investigated, and that he was scheduled for the extraction procedure. *See* Dkt. No. 9-1 at 7. On April 24, 2014, an attorney from Prisoner Legal Services of New York ("PLSNY") sent Defendant a letter asking that Plaintiff be seen by a surgeon. *See id.* at 8. Defendant's written response to that letter stated that an investigation into his concerns had been completed, but he could not share detailed health information with PLSNY without a properly executed release form. *See id.* at 18.

When Plaintiff arrived at the eye doctor on May 12, 2014, he was told that the procedure itself was scheduled for May 30, 2014. *See* Dkt. No. 2 at 3. Plaintiff was released from DOCCS custody on May 22, 2014. *See id.*; *see also* Dkt. No. 23 at 5. At that time, the procedure to remove the cataract had still not been completed. *See id.* at 5-6.

### III. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to

3

object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure). *See* Dkt. No. 42.

When considering a Rule 12(b)(6) motion, the court accepts the material facts alleged in the complaint as true, drawing all inferences in favor of the non-moving party. *See, e.g.*, *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003) (citing *Patel v. Contemporary Classics of Beverley Hills*, 259 F.3d 123, 126 (2d Cir. 2001)). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citation omitted). The moving party has the heavy burden of showing that the plaintiff is not "entitled to offer evidence in support [his] claims." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (citations omitted). Thus, the court should only dismiss a 12(b)(6) motion where the plaintiff provides no "plausible" basis to support his claims. *See Twombly*, 550 U.S. at 556-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

When a party proceeds *pro se*, the court must liberally construe his pleadings, holding them to a standard less stringent than formal pleadings drafted by lawyers. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007). If a *pro se* plaintiff's complaint alleges civil rights violations, the court must construe his pleadings with "particular generosity." *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (quoting *Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002)). Further, when a *pro se* plaintiff faces a motion to dismiss, the court may consider "materials outside the complaint to the extent they are consistent with the allegations in the complaint." *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004).

Having carefully reviewed the February 1, 2016 Report-Recommendation and Order, the Court finds that Magistrate Judge Stewart correctly determined that the Court should grant Defendant's motion to dismiss. Defendant Koenigsmann's only involvement in this matter concerns his receipt of two letters from Plaintiff. In response to the first letter, Defendant referred the matter to an employee, who investigated the complaint and responded on his behalf. In response to the second letter sent by PLSNY, Defendant advised that Plaintiff's medical concerns had been investigated but indicated that he could not share the specifics with PLSNY without a signed medical release. As Magistrate Judge Stewart properly concluded, these allegations, without more, are insufficient to plausibly allege Defendant's personal involvement in the alleged deliberate indifference. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (holding allegations that a supervisor referred a letter of complaint to appropriate staff for investigation and responded to a second letter indicating that a decision had been rendered on the complaint by others is insufficient to establish personal involvement); *Garvin v. Goord*, 212 F. Supp. 2d 123, 126 (W.D.N.Y. 2002) (same); *Lewis v. Berg*, No. 00-Civ.-1433, 2006 WL 1064174, *4 (N.D.N.Y. Apr. 20, 2006) (citations omitted).

## IV. CONCLUSION

After carefully reviewing Magistrate Judge Stewart's Report-Recommendation and Order,

5

the record before the Court and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's February 2, 2016 Report-Recommendation and Order (Dkt. No. 23) is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendant's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Memorandum-Decision and Order would not be taken in good faith; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties according to the Local Rules.

**IT IS SO ORDERED.**

Dated: March 4, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge